1 Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 300 South First Street, Suite 342
San Jose, California 95113
3 Telephone (408) 298-2000
Facsimile (408) 298-6046
4 E-mail: service@moorelawfirm.com

5 Attorney for Plaintiff
Andres Gomez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES GOMEZ, | No. |
| Plaintiff, | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER THE AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| vs. | |
| BRU'S WIFFLE LLC; | |
| Defendant. | |

## I. SUMMARY

1. This is a civil rights action by plaintiff ANDRES GOMEZ ("Plaintiff") against defendant BRU'S WIFFLE LLC ("Defendant") for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people, in violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and related California statutes.

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against Defendant pursuant to Title III of the Americans with

1  Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and the Unruh
2  Civil Rights Act (Cal. Civil Code §§ 51-53) ("Unruh Act").

## II.  PARTIES

3. Plaintiff is visually impaired, and legally blind. He cannot use a computer or mobile device without the assistance of screen-reader software ("SRS"). Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

4. Defendant is a corporation which, now and at all times relevant, have owned and/or operated the brick-and-mortar restaurant known as Bru's Wiffle, located at 2408 Wilshire Boulevard in Santa Monica, California 90403 ("the Restaurant"), and the Restaurant's website, located at https://bruswiffle.com/ (last accessed June 14, 2021) ("the Website").

## III.  JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367. Plaintiff's Unruh Act claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of the Unruh Act. (Cal. Civil Code §51(f)).

7. Defendant is subject to personal jurisdiction in this District because its principal place of business is within the United States District Court, Central District of California, and a substantial portion of the actions complained of herein took place within the jurisdiction of this District. Accordingly, venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   FACTS

8. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

9. The Restaurant is a brick-and-mortar restaurant, which is open to the public, intended for non-residential use, and its operation affects commerce. The Restaurant is therefore a public accommodation as defined by applicable state and federal laws.

10. The ADA mandates that places of public accommodation, like the Restaurant, provide auxiliary aids and services to make visual materials available to individuals who are visually impaired, including Plaintiff. Under the ADA, a place of public accommodation engages in unlawful discrimination if it fails to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. §12182(b)(2)(A)(iii).

11. The Website comprises some of the facilities, privileges, and advantages offered by Defendant to patrons of the Restaurant in connection with their patronage at the Restaurant. Among the services offered by the Website include: business hours, location, contact information, menus, and online ordering for delivery and/or curbside pickup.

12. Plaintiff visited the Website on or about April 7, 2021 as a prospective customer wishing to access the goods and services offered by the Restaurant. Plaintiff wanted to find more information about the Restaurant, including the menus, and to determine what online food ordering options were available.

13. When Plaintiff attempted to navigate the Website, he encountered the following accessibility design faults that prevented him from navigating the Website successfully using SRS on his mobile devices:

    a) The screen reader did not read several graphics throughout the Website.

    b) The screen reader did not read the Website logo graphic property.

14. Subsequent investigation has identified the following additional barriers to Plaintiff's access on the Website, which Plaintiff is also now aware of:

    a) Clickable controls are not keyboard accessible.

    b) PDF document titles are blank.

    c) Image alternative text uses ASCII art rather than a meaningful description.

    d) PDFs do not contain XMP metadata streams.

    e) PDFs are not properly tagged to be accessible by screen readers.

    f) The metadata stream in the Catalog dictionary does not include the PDF/UA identifier.

    g) The language of the page is not identified.

    h) No site map or table of contents is provided.

    i) The CSS outline or border style obscures the focus outline around focusable elements.

    j) Links open in new windows without warning.

    k) Text and background colors lack proper contrast ratio.

    l) Links are labeled with general text which does not explain the link purpose.

15. Plaintiff personally encountered design flaws on the Website which rendered it inaccessible to him, causing him difficulty and inconvenience when

attempting to navigate the Website. These barriers interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered by the Restaurant and its Website.

16. By failing to make the Website accessible to the visually impaired, Defendant denied Plaintiff full and equal access to the facilities, privileges, or advantages offered to its customers. If the Website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website without difficulty.

17. Plaintiff has been deterred from returning to the Website as a result of these prior experiences, his knowledge that the Website is inaccessible to him, and the uncertainty over whether additional barriers to his access exist currently or will in the future.

18. The barriers identified in paragraph 13 and 14 above are only those that Plaintiff is presently aware of. Other barriers to the visually impaired may in fact exist on the Website. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist on the Website and relate to his disabilities removed to afford him full and equal access to the Website and Restaurant.

19. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

20. Failure to remove these inaccessible conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to Plaintiff.

21. Due to Defendant's failure to design and operate the Website in conformance with industry standards, Plaintiff has been denied equal access to Defendant's Restaurant and Website and the various goods, services, facilities,

privileges, advantages, and accommodations offered to the public by the Restaurant and Website due to Plaintiff's disability.

22. The barriers identified above violate easily accessible, well-established industry standard guidelines for making websites accessible to people with visual impairments that use SRS to access websites. Accordingly, Defendant knew, or should have known, that these elements of the Website were inaccessible, violate state and federal law, and interfere with (or deny) access to the visually impaired.

23. Defendant has the financial resources and possesses sufficient control and authority to remove these barriers from the Website (without much difficulty or expense), and make the Website accessible to the visually impaired. To date, however, Defendant refuses to modify the Website to conform to accessibility standards and make the Website accessible to the visually impaired. Defendant has intentionally maintained the Website in its current condition and has intentionally refrained from altering the Website so that it complies with the accessibility standards.

24. The (continued) presence of barriers on the Website is so obvious as to establish Defendant's discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendant's refusal to adhere to relevant website accessibility guidelines, conscientious decision not to remove barriers from the Website, and allowance that Defendant's Website continues to exist in its non-compliant state.

//
//
//
//
//
//

## V. FIRST CLAIM

## Americans with Disabilities Act of 1990

## Denial of "Full and Equal" Enjoyment and Use

25. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

26. The Restaurant is a public accommodation with the definition of Title III of the ADA, 42 U.S.C. § 12181.

27. The Website provided by the Restaurant is a service, privilege or advantage of the Restaurant's brick-and-mortar facility.

28. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, advantages, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). Further, such discrimination includes the failure by such entities to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Defendant discriminated against Plaintiff by failing to provide an accessible Website and thereby denying Plaintiff "full and equal enjoyment" and use of the services, privileges and advantages of the Website and Restaurant during each visit to the Website and each incident of deterrence.

30. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or

accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

31. Here, Plaintiff alleges that Defendant can easily remove the design barriers on the Website without much difficulty or expense, that the cost of making the Website accessible to the visually impaired does not exceed the benefits under the particular circumstances, and that Defendant violated the ADA by failing to remove the Website barriers when it was readily achievable to do so.

32. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expenses) for these aforementioned violations. 42 U.S.C. § 12205.

## VI. SECOND CLAIM
## Unruh Act

33. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

34. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37. Defendant's aforementioned acts and omissions denied the visually impaired public – including Plaintiff – the full and equal accommodations, advantages, facilities, privileges and services of a business establishment because of their physical disability.

38. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39. As a result of Defendant's wrongful conduct, Plaintiff suffered difficulty, discomfort, and/or embarrassment, and seeks statutory minimum damages of $4,000 for each offense.

40. Plaintiff also seeks to enjoin Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3. Attorneys' fees, litigation expenses, and costs of suit.

4. Interest at the legal rate from the date of the filing of this action.

5. For such other and further relief as the Court deems proper.

Dated:  06/15/2021         MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorney for Plaintiff
Andres Gomez

**VERIFICATION**

I, ANDRES GOMEZ, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  06/15/2021                             */s/ Andres Gomez*
                                                              Andres Gomez

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that her concurrence in the filing of this document and attribution of her signature was obtained.

                                                              */s/ Tanya E. Moore*
                                                              Tanya E. Moore
                                                              Attorney for Plaintiff,
                                                              ANDRES GOMEZ